J-S23033-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DAVID JULIUS PRICE, SR., | : | |
| | : | |
| Appellant | : | No. 1647 EDA 2014 |

Appeal from the Judgment of Sentence Entered April 30, 2014,
in the Court of Common Pleas of Delaware County,
Criminal Division, at No(s): CP-23-CR-0006350-2013

BEFORE:    DONOHUE, SHOGAN, and STRASSBURGER, JJ.*

MEMORANDUM BY STRASSBURGER, J.:            **FILED AUGUST 26, 2015**

David Julius Price, Sr. (Appellant) appeals from the judgment of sentence entered April 30, 2014, following his guilty plea to one count of driving under the influence of alcohol (DUI) - highest rate of alcohol - third offense, three counts of recklessly endangering another person, and one count of driving while operating privilege was suspended or revoked. Counsel for Appellant has filed a petition to withdraw and brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009). On June 11, 2015, this panel remanded the case, directing counsel either to comply with the requirements of ***Anders*** or to file an advocate's brief.  Upon review of counsel's new petition to withdraw and brief, we again remand this case with instructions.

_____

*Retired Senior Judge assigned to the Superior Court.

Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof….

*Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

If counsel does not fulfill the aforesaid technical requirements of *Anders*, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with *Anders* or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy *Anders*, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

*Commonwealth v. Wrecks*, 931 A.2d 717, 720-21 (Pa. Super. 2007) (citations omitted).

In our prior memorandum, we denied counsel's petition to withdraw and pointed out deficiencies in counsel's petition and *Anders* brief: counsel purportedly reviewed Appellant's discretionary aspects of sentencing claim; however, counsel's stated reason for concluding the argument was frivolous was legally erroneous; counsel failed to preserve properly the discretionary aspects claim by filing a separate Pa.R.A.P. 2119(f) statement, and failed to indicate whether Appellant's claim raised a substantial question for our

review. With respect to the final two issues, we set forth for counsel the relevant procedure for challenging the discretionary aspects of sentence on direct appeal:

> Before [this Court may] reach the merits of [a challenge to the discretionary aspects of a sentence], we must engage in a four part analysis to determine: (1) whether the appeal is timely [filed]; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.... [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Commonwealth v. Disalvo*, 70 A.3d 900, 902 (Pa. Super. 2013) (citations omitted); *see Commonwealth v. Price*, 1647 EDA 2014, at *6 n2 (Pa. Super. filed June 11, 2015).

On July 27, 2015, counsel filed a new petition to withdraw and *Anders* brief. While he now concedes that the discretionary aspects of Appellant's sentence are reviewable on direct appeal, counsel has once more failed to comply with the requirements of *Disalvo*. Accordingly, we are unable to review Appellant's substantive issue.

Thus, we again "deny the petition to withdraw and remand the case with appropriate instructions … directing counsel either to comply with *Anders* or file an advocate's brief on Appellant's behalf." *Wrecks*, *supra*. We note that we will not countenance a third non-compliant effort.

- 3 -

Petition to withdraw as counsel denied. Case remanded with instructions. Jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary


Date: 8/26/2015