COMMONWEALTH of Pennsylvania,
Appellee

v.

Marquis WRECKS, Appellant.

Superior Court of Pennsylvania.

Submitted June 4, 2007.

Filed Aug. 14, 2007.

Karl Baker, Philadelphia, for appellant.

Hugh J. Burns, Jr., Asst. Dist. Atty., for Com., appellee.

BEFORE: JOYCE, DANIELS and COLVILLE *, JJ.

OPINION BY COLVILLE, J.:

¶ 1 This case is an appeal arising from Appellant's 1996 judgment of sentence. His counsel has filed a brief and petition to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), alleging that the appeal is wholly frivolous. We decline to rule on counsel's petition at this time and remand for supplementation of the certified record.

### Facts

¶ 2 Appellant pled guilty to robbery and other charges in 1995. The court sentenced him in February 1996. He filed neither post-sentence motions nor a direct appeal. The docket reveals that, in 2006, Appellant filed a *pro se* post-sentence motion which the trial court denied. The motion is not in the certified record. The trial court's opinion discusses some or all of what may have been Appellant's claims, but ultimately concludes that Appellant's post-sentence motion was untimely. After the court dismissed the motion, Appellant filed this appeal.

### Legal Principles

¶ 3 *Post–Sentence Motions/Direct Appeal.* A defendant has ten days after the imposition of sentence to file a post-sentence motion. Pa.R.Crim.P. 720(A)(1).[1] An untimely post-sentence motion does not preserve issues for appeal. *Common-*

---

* Retired Senior Judge assigned to the Superior Court.

1. At the time of Appellant's sentencing, this rule was Pa.R.Crim.P. 1410(A)(1).

*wealth v. Hockenberry,* 455 Pa.Super. 626, 689 A.2d 283, 288 (1997).

█ ¶ 4 If no post-sentence motion is filed within the ten-day time period, the defendant has thirty days from sentencing to file a direct appeal. Pa.R.Crim.P. 720(A)(3).[2] This Court does not have jurisdiction to hear an untimely appeal. *Commonwealth v. Green,* 862 A.2d 613, 615 (Pa.Super.2004).

█ ¶ 5 *Post Conviction Relief Act.* Despite the ten-day time limit for post-sentence motions, there are occasions when such motions may be treated as petitions under the Post Conviction Relief Act (PCRA). *See Commonwealth v. Guthrie,* 749 A.2d 502, 503 (Pa.Super.2000) (holding that, once the time periods for a post-sentence motion and appeal have expired, an untimely post-sentence motion may be treated as a PCRA petition). The content of the motion—just exactly what is pled and requested therein—is relevant to deciding whether to treat the motion as a collateral petition. *See Commonwealth v. Lutz,* 788 A.2d 993, 996 n. 7 (Pa.Super.2001) (holding that, generally, a filing that raises issues cognizable under the PCRA will be considered a PCRA petition while a filing requesting relief outside the PCRA will not be so treated).

¶ 6 Even the PCRA, however, has time restrictions. Generally, a PCRA petition must be filed within one year of the date when the petitioner's judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). For PCRA purposes, a judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the U.S. and Pennsylvania Supreme Courts, or the expiration of time for seeking such review. *Id.* at (b)(3).

█ ¶ 7 There are exceptions to the general one-year filing deadline for the PCRA. They appear at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), (iii), and relate to governmental interference preventing a timely filing, discovery of previously unknown and non-ascertainable bases for relief, and newly recognized retroactive constitutional rights. If a petitioner alleges and proves one or more of those exceptions, an otherwise late PCRA petition may be accepted as being timely. *Id.* Even still, a petition alleging an exception must be filed within sixty days of when it first could have been presented. *Id.* at (b)(2). If a petition is filed beyond the PCRA filing deadline and not pursuant to an exception, the PCRA court lacks jurisdiction to entertain the petition. *Commonwealth v. Abu–Jamal,* 574 Pa. 724, 833 A.2d 719, 723, 724 (2003); 42 Pa.C.S.A. § 9545(b)(1), (2).

█ ¶ 8 *Direct Appeal Counsel's Request to Withdraw.* Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. *Anders,* 386 U.S. at 744, 87 S.Ct. 1396. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof. *Commonwealth v. Smith,* 700 A.2d 1301, 1303 (Pa.Super.1997). A proper *Anders* brief does not explain why the issues are frivolous and does not develop arguments against the appellant's interests. *Smith,* 700 A.2d at 1304. Rather, the brief articulates the issues in neutral form, cites relevant legal authorities, references appropriate portions in the record to aid our review, and concludes that, after a thorough review of the record, the appeal is wholly frivolous. *Id.* at 1303–05.

**2.** Numbered Pa.R.Crim.P. 1410(A)(3) at the time of Appellant's sentencing.

¶ 9 *Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention. *Commonwealth v. Flores*, 909 A.2d 387, 389 (Pa.Super.2006) (overruled on other grounds by *Commonwealth v. Goodwin*, 2007 PA Super 180, 928 A.2d 287).

¶ 10 If counsel does not fulfill the aforesaid technical requirements of *Anders*, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with *Anders* or file an advocate's brief on Appellant's behalf). *See Smith*, 700 A.2d at 1303–05. By contrast, if counsel's petition and brief satisfy *Anders*, we will then undertake our own review of the appeal to determine if it is wholly frivolous. *Flores*, 909 A.2d at 389. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. *Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185, 1188 (1981). However, if there are nonfrivolous issues, we will deny the petition and remand for the filing of an advocate's brief. *Commonwealth v. Kearns*, 896 A.2d 640, 647 (Pa.Super.2006).

¶ 11 *PCRA Counsel's Request to Withdraw.* Counsel petitioning to withdraw from PCRA representation must proceed not under *Anders* but under *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988), and *Commonwealth v. Finley*, 379 Pa.Super. 390, 550 A.2d 213 (1988). Similar to the *Anders* situation, *Turner/Finley* counsel must review the case zealously. *See Commonwealth v. Mosteller*, 430 Pa.Super. 57, 633 A.2d 615, 617 (1993). *Turner/Finley* counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw. *Commonwealth v. Karanicolas*, 836 A.2d 940, 947 (Pa.Super.2003).

¶ 12 Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel. *Commonwealth v. Friend*, 896 A.2d 607, 615 (Pa.Super.2006).

¶ 13 If counsel fails to satisfy the foregoing technical prerequisites of *Turner/Finley*, the court will not reach the merits of the underlying claims but, rather, will merely deny counsel's request to withdraw. *Mosteller*, 633 A.2d at 617. Upon doing so, the court will then take appropriate steps, such as directing counsel to file a proper *Turner/Finley* request or an advocate's brief. *Karanicolas*, 836 A.2d at 948.

¶ 14 However, where counsel submits a petition and no-merit letter that do satisfy the technical demands of *Turner/Finley*, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief. *Mosteller*, 633 A.2d at 617. By contrast, if the claims appear to have merit, the court will deny counsel's request and grant relief, or at least instruct counsel to file an advocate's brief.

¶ 15 It is thus apparent that *Anders* and *Turner/Finley* are close cousins, bearing similarities in that counsel is required to examine the record, present issues, and request permission to withdraw. Howev-

er, there are also significant differences. *Anders* applies to direct appeals; *Turner/Finley* applies to PCRA cases. *Anders* counsel is not permitted to withdraw unless the appeal is wholly frivolous, but *Turner/Finley* counsel is permitted to do so if the case lacks merit, even if it is not so anemic as to be deemed wholly frivolous. Also, *Anders* counsel must not argue against the client's interests while *Turner/Finley* counsel must do so, articulating why the client's claims have no merit.

¶ 16 The heightened protection afforded to *Anders* appellants as compared to *Turner/Finley* petitioners/appellants arises because the right to counsel on direct appeal and the right to the direct appeal itself are constitutional ones. *Smith,* 700 A.2d at 1304; U.S. CONST. amend. VI (right to counsel); PA. CONST. art. I, § 9 (right to counsel); PA. CONST. art. V, § 9 (right to direct appeal). By comparison, a first-time PCRA petitioner's right to counsel is born of rule, namely Pa.R.Crim.P. 904(C), and that right does not spring from the federal or state constitutions. *Friend,* 896 A.2d at 612; *Smith,* 700 A.2d at 1304 n. 9.

¶ 17 *Appellate Consideration of Facts.* Finally, this Court relies only on facts of record. *Commonwealth v. Montalvo,* 434 Pa.Super. 14, 641 A.2d 1176, 1183 (1994). Facts *dehors* the record, such as assertions that appear only in briefs and/or trial court opinions, are not to be considered. *Commonwealth v. Greer,* 866 A.2d 433, 435, 436 n. 2 (Pa.Super.2005). We are permitted to recognize the existence and occurrence of filings evidenced by docket sheets even if those filings are missing from the record. *Id.* However, we do not consider substantive facts unless the record reveals them. *See id.* In general, it is an appellant's burden to ensure that the certified record contains the documents reflecting the facts needed for re-

view. *Montalvo,* 641 A.2d at 1183. An appellant also has the burden to convince us that there were errors and that relief is due because of those errors. *Commonwealth v. Love,* 896 A.2d 1276, 1287 (Pa.Super.2006).

### *Analysis*

¶ 18 Guided by the aforesaid principles, we address this case. Because Appellant's post-sentence motion was filed far more than ten days after the imposition of sentence, the motion preserved no issues for this appeal-at least if this case is viewed as a direct appeal. Moreover, having filed the motion late, Appellant had only thirty days from sentencing to appeal. Therefore, this appeal is itself, having been filed years beyond the deadline, is untimely. Accordingly, if we view this matter as a direct appeal, we have no jurisdiction to entertain it.

¶ 19 Nevertheless, it is possible that Appellant's post-sentence motion should be treated as a PCRA petition. This possibility raises certain problems. First, Appellant's judgment of sentence became final for PCRA purposes in March 1996. Thus, even if we were to view the motion as a PCRA petition, it was filed roughly a decade after the PCRA deadline and is, therefore, facially late.

¶ 20 While the docket convinces us that Appellant's motion was filed, the motion is absent from the record. Consequently, we do not know if anything stated in the motion might qualify as an invocation of one of the time-of-filing exceptions. Normally, we would fault Appellant for this omission, having not met his burden to ensure that the motion is in the record and, consequently, having failed to convince us that his motion/petition was timely pursuant to an exception. At the same time, however, we are called upon in this case to decide counsel's request to with-

draw. Thus, we must consider the interplay between her request and the omission of the motion.

¶ 21 Whether this case is viewed as a direct appeal, in which case counsel's request to withdraw is evaluated under *Anders*, or whether it is viewed as a PCRA matter, in which case counsel's request is judged according to *Turner/Finley*, counsel had a duty to review the record, including Appellant's motion, thoroughly. Her brief indicates that she has never seen the post-sentence motion. Counsel states she attempted to locate it but does not indicate whether she asked Appellant if he had a copy to provide to her. She might or might not have contacted him; he might or might not be able and willing to provide her a copy. We do not know. At this point, this Court is unwilling to find counsel has satisfied the duty to review this matter appropriately.

¶ 22 There is an additional problem. Because we do not have the motion before us, we do not know whether its substance warranted treatment as a PCRA petition. There are certainly indications in the trial court's opinion, counsel's *Anders* brief and the Commonwealth's brief as to what matters Appellant raised in his motion. However, we are not permitted to base our decision on those indications as they are not part of the factual record. Thus, we cannot be sure whether the trial court should have treated this matter as a PCRA petition rather than merely dismissing it as an untimely post-sentence motion.

¶ 23 Once more, we would normally affirm the judgment of sentence, making Appellant shoulder the consequences of the missing motion because it is his burden to convince us that relief is due. However, we again refrain from doing so in light of the posture of this case, namely that it involves counsel's request to withdraw and her obligation to review the case diligently.

¶ 24 In summary, absent a record copy of Appellant's motion and/or a more specific, thorough explanation of counsel's efforts to obtain and review that motion, we are unconvinced that counsel has sufficiently examined this case. Counsel has thus failed to satisfy the technical requirements of *Anders* and/or *Turner/Finley*. Accordingly, we could deny counsel's petition to withdraw. However, at this time we decline to rule on counsel's petition and, instead, remand this case as follows.

¶ 25 On remand, counsel shall, to the extent she has not already done so, make zealous efforts to obtain the original or a copy of Appellant's 2006 *pro se* motion. Within sixty days of remand, the court shall conduct a hearing or take other steps necessary to determine whether Appellant's counsel has obtained either the original motion or a true and correct copy thereof. If counsel has done so, the court shall cause the original motion or copy thereof to be made part of the record. If counsel has been unable to do so, the court shall ensure that the parties and the court arrive at an agreed statement under Pa. R.A.P.1924 reflecting all matters raised in Appellant's *pro se* motion. Thereafter, the court shall cause that agreed statement to be made part of the record. Moreover, the court shall cause to be made part of the record a transcript of any proceedings it conducts on remand.

¶ 26 Following supplementation of the certified record to include the original *pro se* motion, a copy thereof or an agreed statement under Pa.R.A.P.1924, and a transcript of any proceedings conducted on remand, the trial court shall return the certified record to this Court. The court shall complete its return of the supplemented certified record to this Court within ninety days of the date of this order.

¶ 27 Case remanded with instructions. Jurisdiction retained.