J-S22034-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
GERALD ANTHONY JOHNSON, :
:
Appellant : No. 1728 WDA 2014

Appeal from the Judgment of Sentence Entered September 11, 2014
in the Court of Common Pleas of Erie County,
Criminal Division, at No(s): CP-25-CR-0000744-2014

BEFORE: PANELLA, LAZARUS, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.: FILED: June 3, 2015

Gerald Anthony Johnson (Appellant) appeals from the judgment of sentence which followed his conviction for aggravated assault. Also before the Court is the petition of Appellant's counsel to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009). We affirm the judgment of sentence and grant the petition to withdraw.

The background underlying this matter can be summarized as follows. Appellant shot one victim once and another victim several times. He was charged with multiple crimes but pled guilty only to one count of aggravated assault. The trial court sentenced Appellant to nine to twenty years in prison. Appellant timely filed a post-sentence motion, which the trial court denied. Appellant timely filed a notice of appeal. The trial court directed

*Retired Senior Judge assigned to the Superior Court.

Appellant to comply with Pa.R.A.P. 1925(b). In response, Appellant's counsel filed a statement pursuant to Pa.R.A.P. 1925(c)(4), stating that counsel intended to withdraw his representation of Appellant. Counsel then filed with this Court a petition to withdraw and an *Anders* brief.

Before we consider the substance of this appeal, we must address counsel's compliance with *Anders*:

> Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof….
>
> *Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of *Anders*, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with *Anders* or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy *Anders*, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

*Commonwealth v. Wrecks*, 931 A.2d 717, 720-21 (Pa. Super. 2007) (citations omitted). Our Supreme Court has expounded further upon the requirements of *Anders*:

in the ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361.

Based upon our examination of counsel's petition to withdraw and ***Anders*** brief, we conclude that counsel has substantially complied with the above requirements.[1] "We, therefore, turn to the issue presented in counsel's ***Anders*** brief to make an independent judgment as to whether the appeal is, in fact, wholly frivolous." ***Commonwealth v. Martuscelli***, 54 A.3d 940, 947 (Pa. Super. 2012).

Counsel contends that a challenge to the discretionary aspects of Appellant's sentence is the only issue that arguably supports this appeal.

It is well settled that, with regard to the discretionary aspects of sentencing, there is no automatic right to appeal.

Before [this Court may] reach the merits of [a challenge to the discretionary aspects of a sentence], we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a

---

[1] Appellant has not filed a response raising any additional points for our consideration.

> substantial question that the sentence is appropriate under the sentencing code.... [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

***Commonwealth v. Disalvo***, 70 A.3d 900, 902 (Pa. Super. 2013) (citations omitted).

Appellant timely filed a notice of appeal. Appellant did not object to his sentence at the sentencing hearing; however, he did seek a modification of his sentence in his post-sentence motion. Appellant claimed that his sentence was harsh and excessive, essentially due to the mitigating factors Appellant presented at his sentencing hearing. Thus, Appellant seemed to believe his sentence was excessive due to the inadequate consideration of mitigating factors. While the ***Anders*** brief words Appellant's challenge somewhat differently than the issue raised in the post-sentence motion, we conclude that Appellant has preserved his issue for appellate review.

Because the ***Anders*** brief contains a concise statement of the reasons relied upon for allowance of appeal, we are left to determine whether Appellant's issue raises a substantial question worthy of appellate review.

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process. …

***Commonwealth v. Hyland***, 875 A.2d 1175, 1183 (Pa. Super. 2005) (citations omitted).

"[T]his Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." ***Disalvo***, 70 A.3d at 903. Given that Appellant shot two people and received a standard range sentence for one count of aggravated assault, we can discern no reason why Appellant's claim of an excessive sentence due to inadequate consideration of mitigating factors raises a substantial question worthy of this Court's consideration.

For these reasons, we agree with counsel that this appeal is wholly frivolous. Accordingly, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/3/2015

- 5 -