**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CHARLES MERRE FRANK, | |
| Appellant | No. 1100 WDA 2014 |

Appeal from the PCRA Order Entered May 30, 2014
In the Court of Common Pleas of Blair County
Criminal Division at No(s): CP-07-CR-0001086-1997

BEFORE: BENDER, P.J.E., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                    **FILED JUNE 03, 2015**

Charles Merre Frank (Appellant) appeals from the May 30, 2014 order granting the Commonwealth's motion to dismiss Appellant's petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, as untimely, and for having failed to meet the after discovered evidence exception to the time bar. We direct counsel to file either a proper advocate's brief or a petition to withdraw and a "no-merit" letter that comports with the requirements of **Turner/Finley**.[1]

In June of 1998, Appellant was convicted by a jury of criminal conspiracy to commit burglary, loitering, prowling at night, criminal mischief,

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).

and simple assault. He was sentenced to an aggregate term of 4 to 10 years' incarceration followed by 3 years' probation. Appellant filed a direct appeal. This Court affirmed his judgment of sentence on July 15, 1999, and our Supreme Court denied his petition for allowance of appeal on December 3, 1999. *Commonwealth v. Frank*, 742 A.2d 1143 (Pa. Super. 1999) (unpublished memorandum), *appeal denied*, 747 A.2d 897 (Pa. 1999). Thus, Appellant's judgment of sentence became final on March 8, 2000, when the ninety-day period for filing a petition for writ of *certiorari* with the United States Supreme Court expired. *See* 42 Pa.C.S. § 9545(b)(3) (stating "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review").

Appellant filed his first PCRA petition on July 26, 2001, asserting *inter alia* that his trial counsel was ineffective for failing to call Julie Dillon as a witness at his trial. The petition was ultimately denied following the issuance of Pa.R.Crim.P. 907 notice. No appeal was filed.

On September 30, 2013, Appellant filed his second PCRA petition, which underlies the instant appeal.[2] Counsel was appointed and an amended petition was filed. Appellant again alleges ineffective assistance of

_____

[2] It appears that Appellant continues to serve this sentence due to numerous parole violations.

trial counsel for failing to call Ms. Dillon. Appellant also appears to assert that he meets the after-discovered facts exception to the time bar. In response, the Commonwealth filed a motion to dismiss, based in part on the untimely filling of the petition. After hearing and argument, the court granted the Commonwealth's petition to dismiss. It explained that Appellant "attempted to raise an exception pursuant to 42 Pa.C.S.[] § 9545(b)([ii])" but that "the evidence establishes that the facts he now raises were known to him and could have been ascertained by the exercise of due diligence, specifically, the evidence that Julie Dillon gave him permission to be present on the property in question [was] raised in his first PCRA." PCRA Court Opinion, 8/12/14, at 1. "Additionally, [Appellant] did not obtain cooperation for his purported witness to file an affidavit as to the witness' anticipated testimony." *Id.* Ultimately, on May 30, 2014, the PCRA court's grant of the Commonwealth's motion to dismiss, in essence, resulted in the denial of Appellant's petition.

Appellant's counsel filed a timely notice of appeal on Appellant's behalf, raising the following issue for our review: "Whether the [t]rial [c]ourt erred in dismissing the Appellant's current PCRA [p]etition." Appellant's brief at 2. However, counsel concludes in the brief he filed with this Court that Appellant's appeal is frivolous. *See* Appellant's brief at 4. In light of this conclusion, we note that counsel did not file a petition for leave to withdraw and a "no-merit" letter, following the dictates of *Turner/Finley*. Thus, we are unable to determine whether counsel wishes

to proceed with his representation of Appellant as an advocate or whether he wishes to withdraw as Appellant's counsel.

An attorney choosing to seek withdrawal from PCRA representation must proceed under *Turner/Finley*, which provides the manner in which post-conviction counsel may withdraw from representation. The holdings in *Turner/Finley* "mandate an independent review of the record by competent counsel before a PCRA court or appellate court can authorize an attorney's withdrawal." *Commonwealth v. Ryard*, 55 A.2d 1177, 1184 (Pa. Super. 2012). Moreover, the procedure that counsel must undertake to withdraw under *Turner/Finley* is as follows:

> [PCRA]counsel must [] submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> If counsel fails to satisfy the foregoing technical prerequisites of *Turner/Finley*, the court will not reach the merits of the underlying claims but, rather, will merely deny counsel's request to withdraw. Upon doing so, the court will then take appropriate steps, such as directing counsel to file a proper *Turner/Finley* request or an advocate's brief.

*Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007).

Having reviewed the record in this matter and counsel's submission, we are compelled to direct counsel to either prepare and submit to this Court

- 4 -

a proper advocate's brief or a petition to withdraw and a "no-merit" letter that comports with all the requirements of **Turner/Finley** within thirty (30) days of the date this memorandum is filed.

Counsel directed to respond within thirty (30) days. Panel jurisdiction retained.