J-S22032-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| RAYMOND ANTHONY GATES, JR., | : | |
| Appellant | : | No. 1716 WDA 2014 |

Appeal from the Judgment of Sentence Entered September 9, 2014,
in the Court of Common Pleas of Erie County,
Criminal Division, at No(s): CP-25-CR-0001282-2014
and CP-25-CR-0002225-2010

BEFORE:    PANELLA, LAZARUS, and STRASSBURGER, JJ.*

MEMORANDUM BY STRASSBURGER, J.:                **FILED JULY 23, 2015**

Raymond Anthony Gates, Jr. (Appellant) appeals from the judgment of sentence imposed after the revocation of his probation/parole and his sentence imposed after pleading guilty to theft by unlawful taking. Counsel for Appellant has filed a petition to withdraw as counsel pursuant to ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). On June 3, 2015, this panel remanded the case, directing counsel either to comply with the requirements of ***Anders*** or to file an advocate's brief. Upon review of counsel's new petition to withdraw and brief, we again remand this case with instructions.

We remind counsel of our standards for reviewing a case that includes a petition to withdraw and ***Anders*** brief.

_____

*Retired Senior Judge assigned to the Superior Court.

Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof….

**Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy **Anders**, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

**Commonwealth v. Wrecks**, 931 A.2d 717, 720-21 (Pa. Super. 2007) (citations omitted).

In our prior memorandum, we denied counsel's petition to withdraw and pointed out three deficiencies in counsel's petition and **Anders** brief. In her petition to withdraw, counsel purported to review challenges to the weight and sufficiency of the evidence, which are challenges not reviewable in this probation revocation case. Additionally, the certificate of service on the petition was faulty in that it listed an individual other than Appellant as recipient. Finally, in counsel's **Anders** brief, she did not explain why the

issue she preserved in her post-sentence motion was frivolous; rather, she explained why an issue she did not preserve for review was frivolous. Accordingly, we denied the petition to withdraw and remanded the case for counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf.

On June 24, 2015, counsel filed a new petition to withdraw and **Anders** brief. In her new petition to withdraw, the certificate of service does not list Appellant, or any inmate, as having received it. However, counsel did write a letter to Appellant, in which she states that she enclosed a copy of the petition and **Anders** brief with the letter to him. Thus, we are satisfied that counsel has complied with her notice requirements.

However, we are still concerned with counsel's "new" **Anders** brief. The "new" brief is the exact same brief counsel filed previously. Despite the fact this Court specifically pointed out a concern with respect to the issue raised by counsel, counsel made no changes to the brief. Notably, counsel has still not explained why the issue she raised her in post-sentence motion regarding credit for time served is frivolous.

Thus, we once again "deny the petition to withdraw and remand the case with appropriate instructions … directing counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf." **Wrecks**, **supra**.

Petition to withdraw as counsel denied. Case remanded with instructions. Jurisdiction retained.