J.A21008/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CAMATA MCNEIL, | : | |
| | : | |
| Appellant | : | No. 2826 EDA 2014 |

Appeal from the Order September 23, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division No(s).: MC-51-CR-0000695-2014

BEFORE: ALLEN, MUNDY, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                **FILED AUGUST 28, 2015**

Appellant, Camata McNeil, appeals from the Philadelphia County Court of Common Pleas' order denying his petition for writ of certiorari from his conviction in the Philadelphia Municipal Court. He argues he was entitled to the suppression of evidence because the arresting officer did not have the requisite reasonable suspicion or probable cause to remove him from his car, question him, or conduct a search. We affirm.

We restate the facts as summarized by the Court of Common Pleas:

> On January 8, 2014 at approximately 11:50 a.m., Officer Cziepel and his partner, Officer Cahill, were on patrol in the area of 35 East Chelten Avenue in a marked police vehicle. Officer Cziepel described this area of Philadelphia as "high drugs, high any type of illegal activity

---

[*] Former Justice specially assigned to the Superior Court.

that you can think of," and has made well over 2,300 arrests in that general area since 2001. The officers saw Appellant driving his vehicle with a broken center brake light. They stopped the vehicle and Officer Cziepel approached Appellant's window to request his license and registration. While Appellant's initial reaction of reaching towards his pocket seemed to be responsive to the officer's request, it was unrebutted that he quickly began behaving in an aggressive, nervous, and furtive manner. He began "making movements in and out of all of his pockets, a little more than normal into his inner right jacket pocket." Notably, he was nervously fumbling around in his pockets for more than thirty seconds—long enough for the officers to believe that he was reaching for something other than his license and registration. In fact, the way in which he was behaving led the officer to suspect that he was reaching for something larger than the requested vehicle cards.

Fearing that Appellant was armed, the officers told him that he was going to be frisked and removed him from the vehicle. Appellant then told the officers that he had two bags of marijuana on his person, which the officers subsequently recovered from his left jacket pocket. Appellant was placed under arrest and a search incident to arrest revealed [he was carrying] another bag of marijuana along with sixteen bags of cocaine.

Trial Ct. Op., 12/22/14, 1-2 (record citations omitted).

Appellant was charged with possession of controlled substances.[1] On April 16, 2014, the Municipal Court denied Appellant's motion to suppress after a hearing. On June 25, 2014, the Municipal Court found Appellant guilty and sentenced him to eighteen months' reporting probation. On July 24, Appellant timely filed a writ of certiorari in the Court of Common Pleas, which denied relief on September 23, 2014. Appellant timely filed his notice

---

[1] 35 P.S. § 780-113(a)(16).

of appeal and complied with the trial court's order to submit a Pa.R.A.P. 1925(b) statement.

Appellant presents the following issue for review:

> Did not [A]ppellant's attempted compliance with police directives to display license, ownership and insurance papers by reaching for them on his person during a traffic stop provide neither reasonable suspicion nor probable cause to support the subsequent search in violation of the Fourth and Fourteenth Amendments to the United States Constitution and Article I, Section 8 of the Pennsylvania Constitution and therefore should not the drugs subsequently seized by police have been suppressed and the petition for Writ of Certiorari granted?

Appellant's Brief at 3.

Appellant argues that "the mere act of placing his hand in his pocket to produce the documents requested by the officer during a traffic stop was not sufficient to establish reasonable suspicion that [he] was armed and dangerous to remove him from the car and frisk his person for weapons." *Id.* at 7. Additionally, the Commonwealth did not "provide any information about the area of the traffic stop, save for his assertion that it was a high crime area." *Id.* at 12. Further, "the fact that the stop was midday . . . combined with a lack of testimony of any furtive movements, all coalesce to show there was no reasonable suspicion to frisk [him]." *Id.* at 13. Appellant thus claims that the trial court erred in relying on ***Commonwealth v. Scarborough***, 89 A.3d 679 (Pa. Super.), *appeal denied*, 102 A.3d 679 (Pa. 2014), and he was entitled to suppression based

on *Commonwealth v. Cartagena*, 63 A.3d 294 (Pa. Super.) (*en banc*),

*appeal denied*, 70 A.3d 808 (Pa. 2013). No relief is due.

Our review is governed by the following standards:

> [An appellate court's] standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, [the appellate court is] bound by [those] findings and may reverse only if the court's legal conclusions are erroneous. Where . . . the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to [ ] plenary review.

*Commonwealth v. Garibay*, 106 A.3d 136, 138-39 (Pa. Super. 2014) (*en banc*) (alterations in original and citations omitted). The Commonwealth bears the initial burden of demonstrating the discovery of evidence did not violate a defendant's constitutional rights. *See* Pa.R.Crim.P. 581(H). However, the defendant, in an appeal from an adverse ruling, bears the burden of demonstrating reversible error. *Commonwealth v. Wrecks*, 931 A.2d 717, 722 (Pa. Super. 2007).

Preliminarily, we note an officer may lawfully conduct a traffic stop "for the purpose of checking the vehicle's registration, proof of financial

responsibility . . . or the driver's license" whenever he "has reasonable suspicion that a violation of [the Motion Vehicle Code] has occurred[.]" 75 Pa.C.S. § 6308(b). Moreover, "following a lawful traffic stop, an officer may order both the driver and passengers of a vehicle to exit the vehicle until the traffic stop is completed, even absent a reasonable suspicion that criminal activity is afoot." *Commonwealth v. Pratt*, 930 A.2d 561, 564 (Pa. Super. 2007). With respect to a request to frisk an individual, this Court recognizes that "[t]o conduct a pat down for weapons, a limited search or 'frisk' of the suspect, the officer must reasonably believe that his safety or the safety of others is threatened." *Commonwealth v. Simmons*, 17 A.3d 399, 403 (Pa. Super. 2011) (citations omitted).

Instantly, as in the Court of Common Pleas, Appellant concedes the initial traffic stop was lawful, but argues the arresting officer lacked reasonable suspicion to frisk him by framing the record in a light most favorable to himself. *See* Appellant's Brief at 6. However, he ignores the Commonwealth's evidence that the officer told Appellant he "going to be frisked and brought out of the vehicle and he said he had two bags of weed." N.T. Suppression, 4/16/14, at 6. Thus, Appellant seeks relief on a basis that disregards our standard and scope of review.[2] *See Garibay*, 106 A.3d at 138.

---

[2] We note, however, Appellant testified at the suppression hearing that he did not make this statement and claimed the officer began to frisk him while

In light of the foregoing, we have no basis to grant Appellant relief. Even if we were to agree there the officer lacked a reasonable basis to believe Appellant was armed and dangerous, we could only conclude it was unreasonable for the officer to issue a verbal order to submit to a frisk during an otherwise lawful traffic stop. Appellant provides no further legal argument that his statement was tainted by the verbal order or the contraband seized by the officer was fruit of a poisonous tree. *See generally Commonwealth v. Santiago*, 980 A.2d 659, 665 (Pa. Super. 2009) (discussing admissibility of derivative physical evidence despite suppression of defendant's statements). Because we cannot disregard the Commonwealth's evidence that Appellant admitted possessing marijuana **before** a physical search took place, we conclude Appellant has not carried his appellate burden of demonstrating reversible error by the trial court. *See Wrecks*, 931 A.2d at 722. Thus, we affirm.

Order affirmed. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/28/2015

---

he was seated in the vehicle. Nevertheless, we cannot consider Appellant's testimony as it was contradicted by the Commonwealth's evidence. *See Garibay*, 106 A.3d at 138-39.

- 6 -