J-S50005-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| GREGORY B. BARTUCCI | |
| Appellant | No. 1686 MDA 2015 |

Appeal from the Judgment of Sentence July 8, 2015
in the Court of Common Pleas of Lancaster County Criminal Division
at No(s): CP-36-CR-0001286-2014

BEFORE: MUNDY, STABILE, and FITZGERALD,[*] JJ.

JUDGMENT ORDER BY FITZGERALD, J.:        **FILED NOVEMBER 18, 2016**

Appellant filed a *pro se* "Motion-Application for: (A) leave to proceed *pro se* on direct appeal; (B) dismissal of assigned counsel; (C) to strike any prospective merits brief submitted by [counsel]; (D) leave to file 1925(a)[1] statement *nunc pro tunc* and; (E) leave to file extended length brief." We remand this case for a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).[2]

---

[*] Former Justice specially assigned to the Superior Court.

[1] Appellant referenced Pa.R.A.P. 1925(a), when he intended Rule 1925(b). **See** Defendant-Appellant's Motion, 10/13/16, at 7.

[2] Pursuant to **Grazier**, "when an appellant requests *pro se* status after his counsel has filed an appellate brief, the request is untimely." **Id.** at 82 (citation omitted). On September 23, 2016, counsel filed an advocate's brief. On October 13, 2016, the instant motion was received by this Court.

A criminal appellant has a constitutional right to counsel on direct appeal. **Commonwealth v. Wrecks**, 931 A.2d 717, 722 (Pa. Super. 2007). "When a waiver of the right to counsel is sought at . . . the appellate stages, an on-the-record determination should be made that the waiver is a knowing, intelligent, and voluntary one." **Grazier**, 713 A.2d at 82. Thus, we remand this case for proceedings consistent with the foregoing.

The trial court is to conduct a **Grazier** hearing within thirty days. We direct the Prothonotary to enter a new briefing schedule based upon the outcome of the **Grazier** hearing.

Case remanded. Jurisdiction retained.

Judge Mundy did not participate in the consideration or decision of this case.

---

However, the verification is dated August 20, 2016. In an abundance of caution, based upon the prisoner mailbox rule, we will consider the motion timely. **See Commonwealth v. Chambers**, 35 A.3d 34, 38 (Pa. Super. 2011 (holding "a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing") (citation omitted)).