J-S38038-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MEGAN V. JEWELL, | : | |
| | : | |
| Appellant | : | No. 109 WDA 2018 |

Appeal from the Judgment of Sentence January 5, 2018
in the Court of Common Pleas of Venango County Criminal Division
at No(s): CP-61-CR-0000312-2014
CP-61-CR-0000353-2017
CP-61-CR-0000366-2017
CP-61-CR-0000387-2017

BEFORE:    BOWES, J., NICHOLS, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:    **FILED MARCH 21, 2019**

Megan V. Jewell (Appellant) appeals from the January 5, 2018 judgment of sentence of an aggregate term of 32 to 64 months' incarceration following the revocation of her probation and after pleading guilty to two counts each of retail theft and aggravated assault.  In addition, Appellant's counsel filed a petition to withdraw and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967).  We previously denied counsel's petition to withdraw and remanded with instructions.  **Commonwealth v. Jewell**, 195 A.3d 1033 (Pa. Super. 2018) (unpublished memorandum).  Upon review of the record and counsel's brief filed following remand, we again deny counsel's petition to withdraw and remand with instructions.

_____
*Retired Senior Judge assigned to the Superior Court.

Due to our disposition herein, we need not provide the factual or procedural history of this matter. We do, however, reiterate the standards to be applied in considering a petition to withdraw and an *Anders* brief.

Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof....

*Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

If counsel does not fulfill the aforesaid technical requirements of *Anders*, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with *Anders* or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy *Anders*, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

*Commonwealth v. Wrecks*, 931 A.2d 717, 720-21 (Pa. Super. 2007) (citations omitted). Our Supreme Court has expounded further upon the requirements of *Anders* as follows.

[I]n the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel

should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009). (emphasis added).

In this Court's memorandum filed August 27, 2018, we determined that counsel did not comply with the above requirements. Specifically, our review of the certified record revealed the absence of a written guilty plea colloquy, as well as the transcripts of Appellant's guilty plea and *Gagnon II* hearing. Additionally, counsel failed to cite to any pertinent transcript within his brief.

We further noted that counsel

identified only one issue for review, a claim challenging the discretionary aspects of Appellant's sentence. However, counsel cites the standard of review for an illegal sentence claim, and its two-page "statement" to arguably support this issue contains no citation to the record and only a mere recitation of the court's statements at sentencing. Furthermore, although this Court was provided a copy of the transcript from the sentencing hearing, counsel does not cite to the relevant parts of the transcript to support his conclusion that the sole issue presented is frivolous.

*Jewell*, 2018 WL 4057391, at *2, n.5. Due to these deficiencies, we denied counsel's petition to withdraw and remanded this case, directing counsel to complete the record and then "file either an advocate's brief or a new petition to withdraw and *Anders* brief that fully comply with the requirements detailed above." *Id.* at 3.

After remand, the certified record has been supplemented.[1] However, instead of filing an advocate's brief or a new petition to withdraw and *Anders* brief, counsel filed the same *Anders* brief previously filed with this Court, which was already determined to be inadequate for the reasons cited *supra*. As such, we again deny counsel's petition to withdraw. We again remand this case and direct counsel to file either an advocate's brief or a compliant *Anders* brief completely anew[2] along with an accompanying letter advising Appellant of her right to retain new counsel, proceed *pro se*, or raise any additional points Appellant deems worthy of this Court's attention. Counsel is directed to comply with every aspect of this memorandum within 30 days of the date of this memorandum. Appellant and the Commonwealth

---

[1] Specifically, this Court received, *inter alia*, the transcripts of Appellant's guilty plea and *Gagnon II* hearings and Appellant's 2017 plea agreement form. A written guilty plea colloquy was not included. We acknowledge that a written colloquy is not mandated in guilty plea proceedings. Counsel should nevertheless inform this Court whether one exists, and if so, include it in the certified record.

[2] To be clear, counsel's new *Anders* brief **must**:

> (1) provide a summary of the procedural history and facts, with **citations to the record**; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the **relevant facts of record, controlling case law,** and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

- 4 -

shall have 30 days from the date that counsel files his brief in order to file a responsive brief.

Petition to withdraw as counsel denied. Case remanded with instructions. Jurisdiction retained.