J-A30044-18

NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| BRIAN KURT BANTUM, | : | |
| Appellant | : | No. 1476 WDA 2017 |

Appeal from the Judgment of Sentence August 31, 2017
in the Court of Common Pleas of Blair County
Criminal Division at No(s): CP-07-CR-0002204-2016

BEFORE:   SHOGAN, J., KUNSELMAN, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:   FILED JUNE 18, 2019

Brian Kurt Bantum (Appellant) appeals from the August 31, 2017 judgment of sentence imposed after a jury convicted him of person not to possess a firearm, theft by unlawful taking, receiving stolen property, and disorderly conduct. Upon review, we remand with instructions.

On January 10, 2019, we remanded this case for (1) the trial court to rule on Appellant's weight-of-the-evidence claim under the correct standard of review; (2) new counsel to be appointed for Appellant; and (3) the inclusion of necessary materials in the certified record. See Commonwealth v. Bantum, ___ A.3d ___, 2019 WL 156558 (Pa. Super. 2019 (unpublished memorandum).

_____

*Retired Senior Judge assigned to the Superior Court.

J-A30044-18

On January 15, 2019, the trial court issued a supplemental opinion, appointed new counsel, Attorney Edward Zang,[1] and ensured the inclusion of necessary materials in the certified record. Attorney Zang has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009).

> Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof....
>
> *Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed pro se or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of *Anders*, this Court will deny the petition to withdraw and remand the case with appropriate instructions (e.g., directing counsel either to comply with *Anders* or file an advocate's brief on Appellant's behalf).

*Commonwealth v. Wrecks*, 931 A.2d 717, 720-21 (Pa. Super. 2007) (citations omitted).

Upon review, we conclude that counsel has not complied substantially with the technical requirements set forth above because counsel has not filed a petition to withdraw with this Court, provided a copy of said petition to Appellant, or advised Appellant "of the right to retain new counsel,

---

[1] Accordingly, this Court granted Attorney Mark Zearfaus's motion to withdraw as counsel. Per Curiam Order, 3/7/2019.

- 2 -

proceed pro se or raise any additional points worthy of this Court's attention." Id. at 721.

In light of the foregoing, we once again remand this case, this time for Attorney Zang to file either an advocate's brief or a compliant Anders brief and petition to withdraw, along with an accompanying letter advising Appellant of his rights, within 30 days of this decision.

Case remanded with instructions. Panel jurisdiction retained.