J-A30044-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| BRIAN KURT BANTUM, | : | |
| | : | |
| Appellant | : | No. 1476 WDA 2017 |

Appeal from the Judgment of Sentence August 31, 2017
in the Court of Common Pleas of Blair County
Criminal Division at No(s): CP-07-CR-0002204-2016

BEFORE:    SHOGAN, J., KUNSELMAN, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:            **FILED AUGUST 05, 2019**

Brian Kurt Bantum (Appellant) appeals from the August 31, 2017 judgment of sentence imposed after a jury convicted him of person not to possess a firearm, theft by unlawful taking, receiving stolen property, and disorderly conduct.

On January 10, 2019, we remanded this case for (1) the trial court to rule on Appellant's weight-of-the-evidence claim under the correct standard of review; (2) new counsel to be appointed for Appellant; and (3) the inclusion of necessary materials in the certified record. *See Commonwealth v. Bantum*, ___ A.3d ___, 2019 WL 156558 (Pa. Super. 2019 (unpublished memorandum).

---

*Retired Senior Judge assigned to the Superior Court.

On January 15, 2019, the trial court issued a supplemental opinion, appointed new counsel, Attorney Edward Zang,[1] and ensured the inclusion of necessary materials in the certified record. Attorney Zang has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009).

> Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof….
>
> *Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of *Anders*, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with *Anders* or file an advocate's brief on Appellant's behalf).

*Commonwealth v. Wrecks*, 931 A.2d 717, 720-21 (Pa. Super. 2007) (citations omitted).

Upon review, we conclude that counsel has not complied substantially with the technical requirements set forth above because counsel has not filed a petition to withdraw with this Court, provided a copy of said petition to Appellant, or advised Appellant "of the right to retain new counsel,

---

[1] Accordingly, this Court granted Attorney Mark Zearfaus's motion to withdraw as counsel. *Per Curiam* Order, 3/7/2019.

proceed *pro se* or raise any additional points worthy of this Court's attention." ***Id.*** at 721.

In light of the foregoing, we direct Attorney Zang to file either an advocate's brief or a compliant ***Anders*** brief **and** petition to withdraw, along with an accompanying letter advising Appellant of his rights, within 30 days of this decision.

Panel jurisdiction retained.