J-A30044-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| BRIAN KURT BANTUM, | : | |
| | : | |
| Appellant | : | No. 1476 WDA 2017 |

Appeal from the Judgment of Sentence August 31, 2017
in the Court of Common Pleas of Blair County
Criminal Division at No(s): CP-07-CR-0002204-2016

BEFORE:   SHOGAN, J., KUNSELMAN, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:        **FILED OCTOBER 04, 2019**

Brian Kurt Bantum (Appellant) appeals from the August 31, 2017 judgment of sentence imposed after a jury convicted him of person not to possess a firearm, theft by unlawful taking, receiving stolen property, and disorderly conduct.  Counsel for Appellant has filed a petition to withdraw and brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  Upon review, we deny counsel's petition to withdraw.

On January 10, 2019, we remanded this case for (1) the trial court to rule on Appellant's weight-of-the-evidence claim under the correct standard of review; (2) the trial court to appoint new counsel for Appellant; and (3) new counsel to ensure the inclusion of necessary materials in the certified

_____
*Retired Senior Judge assigned to the Superior Court.

record. ***See Commonwealth v. Bantum***, ___ A.3d ___, 2019 WL 156558 (Pa. Super. 2019) (unpublished memorandum).

On January 15, 2019, the trial court issued a supplemental opinion, appointed new counsel, Attorney Edward Zang,[1] and ensured the inclusion of necessary materials in the certified record. On appeal, Attorney Zang filed an ***Anders*** brief. However, upon review, this Court concluded that Attorney Zang failed to comply substantially with the technical requirements set forth in ***Anders*** and ***Santiago***. Specifically, counsel did not file a petition to withdraw with this Court, provide a copy of said petition to Appellant, or advise Appellant "of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention." ***Commonwealth v. Wrecks***, 931 A.2d 717, 721 (Pa. Super. 2007) (citation omitted). Therefore, on August 5, 2019, this Court directed "Attorney Zang to file either an advocate's brief or a compliant ***Anders*** brief **and** petition to withdraw, along with an accompanying letter advising Appellant of his rights[.]" ***Commonwealth v. Bantum***, ___ A.3d ___, 2019 WL 3545959 (Pa. Super. 2019) (unpublished memorandum at 3) (emphasis in original).

On September 9, 2019, Attorney Zang filed an ***Anders*** brief, along with a petition to withdraw as counsel and an accompanying letter to

---

[1] Accordingly, this Court granted Attorney Mark Zearfaus's motion to withdraw as counsel. *Per Curiam* Order, 3/7/2019.

Appellant. As such, we once again set forth the technical requirements for counsel seeking to withdraw on appeal pursuant to *Anders*.

> Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof….
>
> *Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, **advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.**
>
> If counsel does not fulfill the aforesaid technical requirements of *Anders*, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with *Anders* or file an advocate's brief on Appellant's behalf).

*Wrecks*, 931 A.2d at 720-21 (emphasis added).

In his letter to Appellant, Attorney Zang advised Appellant as follows.

> If said petition [to withdraw] is granted, you will have the right to hire legal counsel of your choosing. You may also choose to continue your appeal by representing yourself, or may ask the [c]ourt (specifically Judge Sullivan) to appoint new counsel for you. Please understand the [c]ourt is not required to appoint new counsel but may do so if it chooses.

Attorney Zang's Letter to Appellant, 9/9/2019, at 2 (unnumbered).

Attorney Zang's letter to Appellant provides vague, misleading, and hypothetical advice to Appellant regarding his rights. As such, we conclude that counsel has once again failed to comply with the technical requirements set forth above by failing to provide clear advice to Appellant of his

immediate right to proceed *pro se* or with privately retained counsel to raise any additional issues Appellant deems worthy of this Court's review.

Accordingly, we deny counsel's petition to withdraw and direct Attorney Zang, within ten days of the filing of this memorandum, to file either an advocate's brief or a compliant **Anders** brief, petition to withdraw, and accompanying letter, which fully advises Appellant of his present and immediate right, either *pro se* or with privately-retained counsel, to file a brief with this Court raising any issues Appellant deems worthy of review.

Petition to withdraw denied. Panel jurisdiction retained.