J-A23027-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: B.T.C., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: S.C., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 843 MDA 2022 |

Appeal from the Decree Entered May 10, 2022
In the Court of Common Pleas of York County Orphans' Court at No(s):
2022-0052a

BEFORE:   BOWES, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY BOWES, J.:          **FILED: OCTOBER 25, 2022**

S.C. ("Mother") appeals from the decree involuntarily terminating her parental rights to her child, B.T.C., born in March 2018.  Direct appeal counsel has filed a brief that is best described as a wholly deficient attempt to withdraw pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).[1]

Preliminarily, we must review counsel's compliance with the following requirements of ***Anders*** and ***Santiago***:

> Direct appeal counsel seeking to withdraw under ***Anders*** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous.  Counsel must also file an ***Anders*** brief setting forth issues that might

---

[*] Former Justice specially assigned to the Superior Court.

[1] The principles set forth in ***Anders v. California***, 386 U.S. 738 (1967) apply to appeals involving the termination of parental rights.  ***See In re V.E.***, 611 A.2d 1267, 1275 (Pa.Super. 1992).

arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof. A proper **Anders** brief does not explain why the issues are frivolous and does not develop arguments against the appellant's interests. Rather, the brief articulates the issues in neutral form, cites relevant legal authorities, references appropriate portions in the record to aid our review, and concludes that, after a thorough review of the record, the appeal is wholly frivolous.

**Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf).

*Commonwealth v. Wrecks*, 931 A.2d 717, 720-21 (Pa.Super. 2007) (citations omitted).

Upon review of the certified record, we conclude that counsel has not complied with any of the **Anders** requirements. Counsel neglected to file a proper **Anders** brief or petition to withdraw, provide a copy of said petition to Mother, or advise Mother of her rights in the **Anders** context. We observe that this is a Children's Fast Track case subject to strict timelines. Counsel's failure to comply with the law has caused an unacceptable delay in this matter. Accordingly, we direct counsel to file either an advocate's brief or a compliant **Anders** brief and petition to withdraw, along with an accompanying letter advising Mother of her rights, within fifteen days of the filing of this judgment order. Failure to comply by that date will result in counsel's removal and the appointment of new counsel.

Panel jurisdiction retained.