J-S73044-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DAVID T. WAGNER | |
| Appellant | No. 728 WDA 2016 |

Appeal from the PCRA Order May 6, 2016
In the Court of Common Pleas of Crawford County
Criminal Division at No(s): CP-20-CR-0000524-2008

BEFORE:  FORD ELLIOTT, P.J.E., LAZARUS, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED OCTOBER 13, 2016**

David T. Wagner ("Appellant") appeals from the order entered in the Crawford County Court of Common Pleas, which dismissed his petition filed for relief pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant facts and procedural history of this appeal are as follows. On November 6, 2008, Appellant pled guilty to two counts of sexual assault and one count of aggravated indecent assault related to numerous sexual offenses Appellant committed over a three-month period against his fifteen-year-old step-daughter.  In exchange for his plea, thirty-seven (37) counts against him were *nolle prossed*.

---

[1] 42 Pa.C.S. §§ 9541-9546.

On March 4, 2009, the court sentenced Appellant to five (5) to ten (10) years' incarceration for aggravated indecent assault and three (3) to six (6) years' incarceration for each of his sexual assault convictions. The court imposed the sexual assault sentences concurrently to each other, but consecutively to the aggravated indecent assault sentence, resulting in an aggregate sentence of eight (8) to sixteen (16) years' incarceration. On March 12, 2009, Appellant filed a motion to modify sentence, which the court denied on March 16, 2009. Appellant did not file a direct appeal.

On November 16, 2015, Appellant filed a *pro se* "motion to vacate judgment of sentence, and/or set aside mandatory minimum sentence pursuant to **Alleyne v. United States**,[2] *nunc pro tunc*". On November 23, 2015, the court treated Appellant's filing as his first petition filed for relief pursuant to the PCRA[3] and appointed counsel. On March 30, 2016, the court issued notice of its intent to dismiss Appellant's petition without a hearing.

_____

[2] ____ U.S. ____, 133 S.Ct, 2151, 186 L.Ed.2d 314 (2013). In **Alleyne**, the Supreme Court of the United States held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." **Id.**, 133 S.Ct. at 2155.

[3] The PCRA court properly considered Appellant's filing as a PCRA petition. **See Commonwealth v. Taylor**, 65 A.3d 462, 466, 467 (Pa.Super.2013) ("[A]ny motion filed after the finality of a sentence that raises an issue that can be addressed under the PCRA is to be treated as a PCRA petition. [**Commonwealth v. Wrecks**, 931 A.2d 717, 720 (Pa.Super.2007)]…, [A]n untimely post-sentence motion filed after finality of judgment is to be treated as a PCRA petition.").

Appellant filed a counseled response to the notice on April 11, 2016. On May 6, 2016, the PCRA court dismissed Appellant's petition.

On May 16, 2016, Appellant timely filed a notice of appeal. On May 17, 2016, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and he timely complied on May 20, 2016. Appellant raises the following issue for our review:

> WHETHER THE PCRA COURT ERRED IN DENYING APPELLANT PCRA RELIEF IN THE FORM OF VACATING HIS AGGRAVATED INDECENT ASSAULT SENTENCE THAT CONTAINED A MANDATORY MINIMUM INCARCERATION TERM OF FIVE YEARS BASED UPON THE UNITED STATES SUPREME COURT DECISIONS OF **MILLER V. ALABAMA**, [____] U.S. ___, 132 S.CT. 2455[, 183 L.Ed.2d 407] (2012), **ALLEYNE…** AND **MONTGOMERY V. LOUISIANA**, [____] U.S. ___[, 136 S.Ct 718, 193 L.Ed2d 599] (2016)?

Appellant's Brief at 7.

Before we address the merits of Appellant's claim, we must determine whether his PCRA petition was timely. The timeliness of a PCRA petition implicates the jurisdiction of both this Court and the PCRA court. **Commonwealth v. Williams**, 35 A.3d 44, 52 (Pa.Super.2011), *appeal denied*, 50 A.3d 121 (Pa.2012). "Pennsylvania law makes clear that no court has jurisdiction to hear an untimely PCRA petition." **Id.** To "accord finality to the collateral review process[,]" the PCRA "confers no authority upon [appellate courts] to fashion *ad hoc* equitable exceptions to the PCRA

timebar[.]" ***Commonwealth v. Watts***, 23 A.3d 980, 983 (Pa.2011).  With

respect to jurisdiction under the PCRA, this Court has further explained:

> The most recent amendments to the PCRA...provide a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final.  A judgment is deemed final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

***Commonwealth v. Monaco***, 996 A.2d 1076, 1079 (Pa.Super.2010)

(citations and quotations omitted), *appeal denied*, 20 A.3d 1210 (Pa.2011);

***see also*** 42 Pa.C.S. § 9545(b).  This Court may review a PCRA petition filed

more than one year after the judgment of sentence becomes final only if the

claim falls within one of the following three statutory exceptions, which the

petitioner must plead and prove:

> (i) the failure to raise the claim was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1).  Further, if a petition pleads one of these

exceptions, the petition will not be considered unless it is "filed within 60

days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence became final on April 15, 2009, when his time to file a direct appeal expired. ***See*** 42 Pa.C.S. § 9545(b)(3). Thus, he had until April 15, 2010 to timely file a petition for relief pursuant to the PCRA. ***See*** 42 Pa.C.S. § 9545(b)(1). Appellant's petition, filed November 16, 2015, is facially untimely. We must now determine whether Appellant has pled and proved any of the exceptions to the PCRA time bar.

Appellant claims that his sentence was illegal pursuant to ***Alleyne*** because the court imposed a five-year minimum sentence on his aggravated indecent assault conviction pursuant to 42 Pa.C.S. § 9718.[4] Appellant admits that neither the United States Supreme Court nor the Pennsylvania Supreme Court has held that ***Alleyne*** applies retroactively. Appellant argues, however, that because the United States Supreme Court held that ***Miller v. Alabama*** applies retroactively, "it makes logical sense that [***Alleyne***] should and will be applied retroactively to cases such as [A]ppellant's." Appellant's Brief at 16-17.

_____

[4] This Court struck down § 9718 as unconstitutional pursuant to ***Alleyne*** in ***Commonwealth v. Wolfe***, 106 A.3d 800, 806 (Pa.Super.2014), *aff'd,* 140 A.3d 651 (Pa.2016).

Unfortunately for Appellant, to qualify for the constitutional right exception to the PCRA time limitation, Appellant must plead and prove that the Supreme Court of Pennsylvania or the Supreme Court of the United States has recognized a constitutional right and that the right "**has been held** by that court to apply retroactively." 42 Pa.C.S. § 9545(b)(1)(iii) (emphasis added). In **Commonwealth v. Washington**, 142 A.3d 810 (Pa.2016), the Supreme Court of Pennsylvania held that **Alleyne** does not apply retroactively to cases pending on collateral review. As Appellant admits, neither the Supreme Court of Pennsylvania nor the Supreme Court of the United States has held that **Alleyne** applies retroactively. Thus, Appellant's petition remains time-barred, and the PCRA court correctly determined it lacked jurisdiction to hear it.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/13/2016