J-S78045-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| JERROLD SISCO | |
| Appellant | No. 987 WDA 2016 |

Appeal from the PCRA Order June 28, 2016
in the Court of Common Pleas of Jefferson County Criminal Division
at No(s): CP-33-CR-0000402-2012

BEFORE: BENDER, P.J.E., OTT, J., and FITZGERALD,[*] J.

JUDGMENT ORDER BY FITZGERALD, J.:          **FILED OCTOBER 28, 2016**

Appellant, Jerrold Sisco, appeals from the order of the Jefferson County Court of Common Pleas denying his Post Conviction Relief Act[1] petition. Appellant's counsel, George N. Dagnir, Esq., has filed a petition to withdraw representation pursuant to ***Anders v. California***, 386 U.S. 738 (1967).[2]

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] We note that in ***Commonwealth v. Wrecks***, 931 A.2d 717 (Pa. Super. 2007), this Court explained the standard for withdrawal of counsel on collateral review.

> Counsel petitioning to withdraw from PCRA representation must proceed not under ***Anders*** but under ***Commonwealth v. Turner***, [ ] 544 A.2d 927 ([Pa.] 1988), and ***Commonwealth v. Finley***, [ ] 550 A.2d 213 ([Pa. Super.] 1988). Similar to the ***Anders*** situation, ***Turner***/***Finley*** counsel must review the case zealously.

The facts are unnecessary for our disposition. The relevant procedural history of this case as stated by the PCRA court is as follows:

> When [Appellant] filed a document specifically requesting PCRA relief on December 16, 2015, the [c]ourt treated it as an amendment to the unanswered [*pro se*] Motion for Discovery and to Produce Transcripts he had filed on July 12, 2013, which was well within the PCRA's

---

> ***Turner***/***Finley*** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> * * *
>
> It is thus apparent that ***Anders*** and ***Turner***/***Finley*** are close cousins, bearing similarities in that counsel is required to examine the record, present issues, and request permission to withdraw. However, there are also significant differences. ***Anders*** applies to direct appeals; ***Turner***/***Finley*** applies to PCRA cases. ***Anders*** counsel is not permitted to withdraw unless the appeal is wholly frivolous, but ***Turner***/***Finley*** counsel is permitted to do so if the case lacks merit, even if it is not so anemic as to be deemed wholly frivolous. Also, ***Anders*** counsel must not argue against the client's interests while ***Turner***/***Finley*** counsel must do so, articulating why the client's claims have no merit.

***Id.*** at 721–22 (some citations omitted).

statute of limitations. PCRA counsel filed an additional amendment on March 10, 2016, and the court convened a hearing on May 31, 2016 to entertain [Appellant's] ineffective assistance of counsel claims.

PCRA Ct. Op., 6/28/16, at 1. The PCRA court denied the petition and this appeal followed. Counsel filed a statement of intent to file an *Anders* brief pursuant to Pa.R.A.P. 1925(c)(4).

In his *Anders* brief, counsel states that "[a]t the time of preparing the within brief PCRA Counsel was not in possession of the transcripts of the PCRA evidentiary hearing held May 31, 2016, despite filing a request for same at the time of filing the notice of appeal." *Anders* Brief at 6.[3] However, the notes of testimony from the PCRA hearing are in the certified record on appeal.[4]

We direct counsel to comply with the *Turner*/*Finley* requirements. Upon further review of the record, if counsel finds a meritorious issue, an advocate's brief may be filed. We order the Prothonotary to enter a new briefing schedule.

Petition to withdraw denied without prejudice. Panel jurisdiction retained.

---

[3] The Commonwealth did not file a brief.

[4] We note that counsel requested the notes of testimony on July 6, 2016. On July 14, 2016, the notes of testimony from May 31, 2016 were filed. The *Anders* brief was filed on August 11, 2016.