J-S41007-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTONIO M. JOHNSON, | |
| Appellant | No.  2083 MDA 2016 |

Appeal from the PCRA Order December 1, 2016
in the Court of Common Pleas of York County
Criminal Division at No.: CP-67-CR-0007270-2011

BEFORE:  GANTMAN, P.J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED AUGUST 18, 2017**

Appellant, Antonio M. Johnson, appeals from the order denying his first petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A.  §§ 9541–9546.  Counsel has filed a petition to withdraw from further representation pursuant to **Turner**/**Finley**.[1]  We affirm the order and grant counsel's petition to withdraw.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  Appellant has not filed a response to counsel's notice of his petition to withdraw.

A jury convicted Appellant of murder of the first degree and numerous other related crimes[2] stemming from his participation in an armed assault on September 18, 2011, against Brandon DeJesus and Angel Rengifo, enemies of his best friend, Rudolph Mendoza. DeJesus and Rengifo were shot and wounded in the assault. Appellant also fatally shot his friend, Mendoza, (and fellow shooter), who evidently crossed into Appellant's line of fire. (**See Commonwealth v. Johnson**, (No. 2271 MDA 2013), (unpublished memorandum, at *2), (Pa. Super. filed Feb. 18, 2015), *appeal denied*, 119 A.3d 350 (Pa. 2015)).

Appellant gave a videotaped statement to the police who were investigating the shootings of DeJesus and Rengifo. Appellant does not dispute that he received **Miranda** warnings prior to giving this statement.[3] In the tape, Appellant appears distraught over the death of his best friend, and denies that he was responsible.

---

[2] In addition to first degree murder, the jury also convicted Appellant of conspiracy to commit first degree murder, two counts of attempt to commit homicide, and two counts of aggravated assault.

[3] **Miranda v. Arizona**, 384 U.S. 436 (1966).

There is also no dispute that Appellant asked his trial counsel, George Marros, Esquire, to file a pre-trial motion to suppress the statement. Counsel declined.[4]

At trial, Appellant exercised his constitutional right not to testify, but, through counsel, argued self-defense. A redacted version of the video was played for the jury.

The jury convicted Appellant of first degree murder, conspiracy to commit first degree murder, two counts of attempt to commit homicide, and two counts of aggravated assault, as noted. The court sentenced him to an aggregate term of life imprisonment without possibility of parole, plus a consecutive term of not less than twenty nor more than forty years' incarceration.

This Court affirmed the judgment of sentence, and our Supreme Court denied allowance of appeal. (*See Johnson*, *supra*). On July 14, 2016, Appellant timely filed a *pro se* PCRA petition, raising six disparate grounds

---

[4] Defense trial attorney Marros testified at the PCRA hearing that in his opinion there were no legal grounds to pursue suppression, chiefly because Appellant had, without dispute, waived his *Miranda* rights. Attorney Marros also thought that the presentation of Appellant in the video as distraught over the loss of his best friend would "humanize[ ]" him to the jury, without subjecting him to cross-examination. (N.T. PCRA Hearing, 12/01/16, at 17).

for relief.[5] The PCRA court appointed counsel who, with the agreement of Appellant and the permission of the court, withdrew Appellant's *pro se* claims and substituted the issue raised in this appeal. The PCRA court denied relief, after a hearing. This timely appeal followed. Counsel filed a "***Turner/Finley*** brief" and a petition to withdraw from further representation. Preliminarily, we must review whether counsel is entitled to withdraw.

> Counsel petitioning to withdraw from PCRA representation must proceed not under ***Anders*** but under ***Turner*** [***supra***] and ***Finley***, [***supra***]. . . . ***Turner/Finley*** counsel must review the case zealously. ***Turner/Finley*** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to

---

[5] In a meandering and unduly lengthy *pro se* petition, Appellant challenged the constitutionality of the murder statute, and asserted a variety of ineffectiveness claims, including the failure to raise a diminished capacity defense based on the immaturity of his "adolescent brain." (*Pro Se* Petition, 7/14/16, at 1). Appellant was twenty at the time of the murder. (**See** Integrated Offender Case Management System record, 10/05/16). Under the guise of proving ineffectiveness, Appellant presents a circuitous, pseudo-academic *tour d'horizon* of American and colonial history, citing, *inter alia*, alleged evidence of racist tendencies of Woodrow Wilson, Theodore Roosevelt, Thomas Jefferson, Calvin Coolidge, and William Howard Taft, interspersed with theological observations from Thomas Aquinas. (**See** *Pro Se* PCRA Petition, at 1-62). Some of this is mildly amusing. Most of it is tendentious claptrap. None of it is relevant to a cognizable PCRA claim.

withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

If counsel fails to satisfy the foregoing technical prerequisites of ***Turner/Finley***, the court will not reach the merits of the underlying claims but, rather, will merely deny counsel's request to withdraw. Upon doing so, the court will then take appropriate steps, such as directing counsel to file a proper ***Turner/Finley*** request or an advocate's brief.

However, where counsel submits a petition and no-merit letter that do satisfy the technical demands of ***Turner/Finley,*** the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief. By contrast, if the claims appear to have merit, the court will deny counsel's request and grant relief, or at least instruct counsel to file an advocate's brief.

***Commonwealth v. Wrecks***, 931 A.2d 717, 721 (Pa. Super. 2007) (some citations omitted).

Here, counsel identified the issue agreed on with Appellant, explained why and how it lacked merit, sent Appellant a copy of his request for permission to withdraw, furnished Appellant a copy of the ***Turner***/***Finley*** brief, and advised him of his right to retain other counsel, or proceed on his own. On independent review, we determine that counsel has substantially complied with the requirements of ***Turner***/***Finley***. Accordingly, we will proceed with our independent review of the merits of Appellant's claims.

The ***Turner***/***Finley*** brief raises one issue on appeal:

I. Whether the PCRA court erred in denying Appellant's PCRA petition when trial counsel was ineffective in representing Appellant by failing to file a pretrial motion to suppress Appellant's statements to police?

(**Turner**/**Finley** Brief, at 4) (most capitalization omitted).

Our standard of review of a PCRA order is well-settled:

> Under the applicable standard of review, we must determine whether the ruling of the PCRA court is supported by the record and is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court. However, this Court applies a *de novo* standard of review to the PCRA court's legal conclusions.

**Commonwealth v. Spotz**, 18 A.3d 244, 259 (Pa. 2011) (citations omitted).

In this appeal, Appellant claims ineffective assistance of trial counsel.

> Counsel is presumed effective, and in order to overcome that presumption a PCRA petitioner must plead and prove that: (1) the legal claim underlying the ineffectiveness claim has arguable merit; (2) counsel's action or inaction lacked any reasonable basis designed to effectuate petitioner's interest; and (3) counsel's action or inaction resulted in prejudice to petitioner. With regard to reasonable basis, the PCRA court does not question whether there were other more logical courses of action which counsel could have pursued; rather, [the court] must examine whether counsel's decisions had any reasonable basis. Where matters of strategy and tactics are concerned, [a] finding that a chosen strategy lacked a reasonable basis is not warranted unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued. To demonstrate prejudice, a petitioner must show that there is a reasonable probability that, but for counsel's actions or inactions, the result of the proceeding would have been different. Failure to establish any prong of the **Strickland**/**Pierce** test will defeat an ineffectiveness claim.

**Commonwealth v. Mason**, 130 A.3d 601, 618 (Pa. 2015) (citations, quotation marks and footnote omitted).

At the PCRA hearing, trial counsel explained his strategy of "humanizing" Appellant by way of the videotape, which showed him to be

- 6 -

distraught over the death of his friend. Moreover, counsel explained that, in his view, the motion to suppress was unmeritorious, because Appellant was informed of his **Miranda** rights and waived them. Counsel observed that Appellant gave no indication of a mental defect or other limitation which could call into question whether his waiver was knowing, voluntary, and intelligent. "Trial counsel cannot be held to be ineffective for failing to take futile actions or to raise a meritless claim." **Commonwealth v. Howard**, 645 A.2d 1300, 1304 (Pa. 1994) (citations omitted). Finally, counsel reasoned that the playing of the videotape would allow Appellant to present his version of the events, without subjecting him to cross-examination.

We conclude that counsel presented a reasonable basis for the action he undertook. We need not examine whether there were other courses of action counsel could have pursued; rather, this Court must examine whether counsel's decisions had **any** reasonable basis. **See Mason**, **supra** at 618.

Because Appellant failed to prove that counsel's action did not have a reasonable basis in effecting his client's interest, the claim of ineffectiveness fails. **See id.** The PCRA court properly denied relief.

On independent review, we discern no other issues which would provide Appellant with relief under the PCRA. In particular, none of the claims Appellant previously raised in his *pro se* petition (and later agreed to withdraw) present a cognizable claim, or would merit collateral relief. (**See supra** at *3-*4 n.5).

Order affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/18/2017