J-S55033-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
RODOLFO HIRALDO PEREZ, :
:
Appellant : No. 1723 MDA 2016

Appeal from the PCRA Order September 23, 2016
in the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0000898-2011

BEFORE:   DUBOW, RANSOM, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:   **FILED OCTOBER 24, 2017**

Rodolfo Hiraldo Perez (Appellant) appeals from the order which denied his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Also before us is a petition to withdraw filed by Appellant's counsel and a no-merit brief pursuant to ***Commonwealth v. Turner,*** 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). We affirm the order and grant counsel's petition to withdraw.

On March 26, 2012, following a jury trial, Appellant was convicted of first-degree murder and criminal conspiracy for his involvement in the stabbing death of Vladimir Ruiz. On May 29, 2012, Appellant was sentenced to a term of life imprisonment for the murder conviction, and a consecutive 20-to-40-year term of imprisonment for conspiracy. Appellant's judgment of

---

*Retired Senior Judge assigned to the Superior Court.

sentence was affirmed by this Court on August 13, 2013, and on February 20, 2014, our Supreme Court denied Appellant's petition for allowance of appeal. ***Commonwealth v. Perez***, 83 A.3d 1077 (Pa. Super. 2013), *appeal denied*, 86 A.3d 233 (Pa. 2014).

On February 13, 2014, Appellant *pro se* filed a PCRA petition. Counsel was appointed and on August 19, 2016, after a number of continuances by both parties, a hearing was held. By order dated September 23, 2016, the PCRA court denied Appellant's petition. This timely appeal followed. Thereafter, PCRA counsel sought from this Court leave to withdraw his representation of Appellant pursuant to ***Turner***/***Finley***. Appellant has not filed a response to counsel's request to withdraw.

Before we may address the potential merit of Appellant's claims, we must determine if counsel has complied with the technical requirements of ***Turner*** and ***Finley***.

> … ***Turner***/***Finley*** counsel must review the case zealously. ***Turner***/***Finley*** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> If counsel fails to satisfy the foregoing technical prerequisites of ***Turner***/***Finley***, the court will not reach the

merits of the underlying claims but, rather, will merely deny counsel's request to withdraw. Upon doing so, the court will then take appropriate steps, such as directing counsel to file a proper *Turner*/*Finley* request or an advocate's brief.

However, where counsel submits a petition and no-merit letter that do satisfy the technical demands of *Turner*/*Finley*, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief. By contrast, if the claims appear to have merit, the court will deny counsel's request and grant relief, or at least instruct counsel to file an advocate's brief.

*Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007) (citations omitted).

We are satisfied that counsel has complied with the technical requirements of *Turner* and *Finley*. Therefore, we will consider the substantive issues contained in counsel's brief.

On appeal, Appellant raises four claims of trial counsel ineffectiveness. Specifically, Appellant alleges that trial counsel was ineffective for (1) failing to communicate with him adequately in furtherance of his defense, (2) failing to present a diminished capacity defense to the charge of first-degree murder, (3) failing to call an expert to support his defense of voluntary intoxication, and (4) stipulating to Appellant's guilt at trial. *Turner*/*Finley* Brief at 6-7.

Our standard and scope of review is well-settled:

[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and

reviews its conclusions of law to determine whether they are free from legal error. The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level.

To establish trial counsel's ineffectiveness, a petitioner must demonstrate: (1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for the course of action or inaction chosen; and (3) counsel's action or inaction prejudiced the petitioner.

Furthermore,

[A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. 42 Pa.C.S. § 9543(a)(2)(ii). Counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him.

Counsel's assistance is deemed constitutionally effective once this Court determines that the defendant has not established any one of the prongs of the ineffectiveness test.

*Commonwealth v. Freeland*, 106 A.3d 768, 775 (Pa. Super. 2014) (internal quotation marks and citations omitted).

Appellant first contends that counsel was ineffective for failing to meet with him an adequate number of times to discuss his defense strategy prior to trial. *Turner/Finley* Brief at 6. "[I]t is well[-]settled that the amount of time an attorney spends consulting with his client before trial is not, by itself, a legitimate basis for inferring the total extent of counsel's pretrial

- 4 -

preparation, much less the adequacy of counsel's preparation." *See* *Commonwealth v. Harvey*, 812 A.2d 1190, 1196–97 (Pa. 2002) (citation omitted). The PCRA court addressed this claim as follows.

> Though Appellant complains that trial counsel was ineffective in failing to properly communicate with him prior to trial, in light of the trial testimony and evidence referenced herein, we fail to see how any number of meetings could alter the result at trial. During his testimony at the PCRA hearing, Appellant testified that he met with one of his court appointed attorneys three or four times, Attorney Pike once, and the defense's private investigator …. [] Appellant went on to testify that the defense's investigator, Bob Harris, prepared the [Appellant] to testify at trial.

> Attorney Pike testified credibly that he met with the Appellant two to four times prior to trial and [Appellant] acknowledges meeting with Attorney Pike's co-counsel, David Lampman, Esquire, three to four times. [Appellant] also met on multiple occasions with the Defense Team's Investigator. It is clear to the [c]ourt that Appellant's defense team adequately prepared and attempted to prepare [Appellant] for trial.

PCRA Court Opinion, 5/15/2017, at 4-5 (citations omitted).

The PCRA court's assessment is supported by the record. *See* N.T., 8/19/2016, at 6-7, 20-21; *Commonwealth v. Spotz*, 18 A.3d 244, 259 (Pa. 2011) (citation omitted) (holding that "[t]he PCRA court's credibility determinations, when supported by the record, are binding on this Court.") Accordingly, we find no error in the PCRA court's determination that this claim lacks arguable merit and, therefore, must fail. *Freeland*, 106 A.3d at 775 ("Counsel's assistance is deemed constitutionally effective once this

Court determines that the defendant has not established any one of the prongs of the ineffectiveness test").

Appellant next argues that counsel was ineffective for failing to assert at trial a defense of diminished capacity due to voluntary intoxication.[1] *Turner*/*Finley* Brief at 6. However, the trial transcript demonstrates that counsel argued at trial a defense of diminished capacity due to Appellant's voluntary intoxication and the trial court issued a voluntary intoxication jury instruction prior to deliberations. N.T., 3/27-30/2012, at 619-20, 641, 723-25. Accordingly, as the record belies Appellant's claim, the claim has no arguable merit and we discern no error in the PCRA court's denial of relief.

In his third argument, Appellant contends that counsel was ineffective for failing to call an expert witness to testify to support his diminished capacity defense. *Turner*/*Finley* Brief at 6-7. It is well-settled that expert testimony concerning a defendant's ability to formulate a specific intent to kill is admissible. *See e.g. Commonwealth v. Legg*, 711 A.2d 430 (Pa. 1998). However, where an appellant seeks to raise a claim that expert testimony should have been introduced at trial, he or she must articulate "what evidence was available and identify a witness who was willing to offer

---

[1] "For a defendant who proves a diminished capacity defense, first-degree murder is mitigated to third-degree murder. To establish a diminished capacity defense, a defendant must prove that his cognitive abilities of deliberation and premeditation were so compromised, by mental defect or voluntary intoxication, that he was unable to formulate the specific intent to kill." *Commonweatlth v. Hutchinson*, 25 A.3d 277, 312 (Pa. 2011).

such [testimony]." ***Commonwealth v. Gwynn***, 943 A.2d 940, 945 (Pa.

2008) (citation omitted). Appellant has failed to do so. As the PCRA court

explained,

> Appellant at his PCRA hearing did not call such an expert who plainly could have watched the same video that informed Officer Zipovsky's testimony and offered his or her own opinion. Accordingly, Appellant does not offer a scintilla of evidence on this issue to establish the requisite prejudice required to grant relief. His appeal must fail. There was no expert testimony on this subject presented at the PCRA Hearing let alone expert testimony which would have contradicted the testimony of Officer Zipovsky. Accordingly, there is absolutely no showing of a reasonable probability that the outcome of the proceedings would have been different as it relates to this issue.

PCRA Court Opinion, 5/15/2017, at 7.

Accordingly, we find that Appellant has not met his burden under

***Freeland*** and find no error in the PCRA court's denial of his third claim.

Finally, Appellant argues that counsel erred in stipulating to Appellant's

guilt at trial. ***Turner/Finley*** Brief at 7. It is well-settled that, "[i]f a

defendant does not admit that he killed the victim, but rather advances an

innocence defense, then evidence on diminished capacity is inadmissible."

***Commonwealth v. Laird***, 605 Pa. 137, 988 A.2d 618, 632 (2010). The

record reveals that, in support of his defense of diminished capacity,

Appellant testified that he stabbed the victim, as required, and defense

counsel presented this diminished capacity defense to the jury. Accordingly,

counsel had a reasonable basis for stating that Appellant killed the victim:

the chosen defense required it. No relief is due.

Because we agree with Appellant's counsel that none of the issues Appellant raised in his PCRA petition has merit, we grant his petition to withdraw and affirm the order dismissing Appellant's PCRA petition.

Order affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/24/2017