IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Andres Cortez,                 :
           Petitioner        :
                                :
      v.                      :
                                :
Pennsylvania Parole Board,    :    No. 1386 C.D. 2023
           Respondent    :    Submitted: August 8, 2025

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
PER CURIAM                              FILED: September 10, 2025

Andres Cortez (Cortez), an inmate at a state correctional institution (SCI), filed a *pro se* petition for review (Petition) of a letter decision of the Pennsylvania Parole Board (Board) dated October 24, 2023 (Board Decision), that affirmed a Board letter decision dated December 28, 2022 (December 2022 Decision), in Cortez's counseled administrative appeal.[1] Also before us is the Motion to Withdraw submitted by Wayne Melnick, Esquire (Counsel), asserting that the Petition is frivolous and seeking to withdraw as Cortez's court-appointed counsel. For the following reasons, we grant the Motion to Withdraw and affirm the Board Decision.

---

[1] Although the Petition refers to the December 2022 Decision as the one Cortez is appealing, the exhibit attached to the Petition is a subsequent decision dated October 24, 2023, which affirmed the December 2022 Decision. Appeal properly lies from the later decision. Accordingly, we will treat the October 24, 2023 decision as the Board Decision that is the subject of the Petition.

## I. Background

In the Petition, Cortez conclusorily challenges the Board's actions in finding that Cortez violated his parole or engaged in any act justifying the cancellation of the prior finding of eligibility for automatic parole. Pet. at 2. He also avers that he was denied due process through the cancellation of reparole eligibility without a separate hearing. *Id.* The Petition pleads no facts concerning either the events leading to the Board's rescission of Cortez's automatic reparole or the nature of the challenge asserted before this Court. However, the December 2022 Decision, which is attached to the Petition, provides some enlightenment, explaining:

> While in SCI-Greene, [Cortez] incurred a misconduct on [December 16, ]2022. The institution provided him with a misconduct hearing on [December 20, ]2022, which resulted in a misconduct for indecent exposure. []Cortez exposed himself in the virtual visiting room and urinated on the floor. He plead [sic] not guilty to the misconduct.[2] The [Department of Corrections] imposed 30 days in disciplinary custody.
>
> The Prisons and Parole Code[3] provides that automatic reparole does not apply to technical parole violators who commit disciplinary infractions involving sexual assault[.] 61 Pa.[]C.S. § 6138(d)(5). The infraction for []Cortez exposing himself is a qualifying misconduct under the statute[;] the Board acted within its authority by rescinding automatic reparole in this case. Moreover, the Board acted within its discretion by taking this action without conducting an additional evidentiary hearing because he was already afforded due process to challenge the

---

[2] The record indicates that at his misconduct hearing, Cortez's defense was "that he could not hold it anymore" and "that he had an accident." Certified Record (CR) at 85. Nevertheless, the hearing examiner found there was a preponderance of evidence to support the misconduct charge and, accordingly, Cortez was found guilty of misconduct. *Id.*

[3] 61 Pa.C.S. §§ 101-7301.

2

misconduct at issue in the hearing held at the SCI. There is no reason for the Board to relitigate those facts.

The Board's regulations provide that the scope of review of an administrative appeal is limited to whether the decision is supported by substantial evidence, an error of law has been committed or there has been a violation of constitutional law. 37 Pa. Code § 73.1(a)(2). The record in this matter establishes that the Board decision mailed December 30, 2022 (recorded [December 28, ]2022) is supported by substantial evidence, does not constitute an error of law, and does not violate [Cortez's] constitutional rights.

Pet., Ex. at 1-2; CR at 94.

By order dated September 12, 2024, this Court appointed Counsel to represent Cortez regarding the Petition. On January 31, 2025, Counsel filed a Motion to Withdraw as court-appointed counsel for Cortez. In the Motion to Withdraw, Counsel avers that he "has carefully and conscientiously viewed the entire record and the law regarding the issues pled by Petitioner Cortez. Counsel has determined that the issues are wholly frivolous and meritless, as described in the attached 'No Merit Letter' sent to []Cortez." Motion to Withdraw at 1.

Attached to the Motion to Withdraw was a copy of a *Turner/Finley* letter[4] that Counsel sent to Cortez on January 31, 2025. In the *Turner/Finley* letter, Counsel informed Cortez of Counsel's determination that Cortez's Petition had no merit and Counsel's consequent Motion to Withdraw. Counsel explained to Cortez:

---

[4] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Counsel files such a letter when seeking to withdraw from representation of a parole violator because the violator's case lacks merit, even if it is not "so anemic as to be deemed wholly frivolous." *Anderson v. Pa. Bd. of Prob. & Parole*, 237 A.3d 1203, 1204 n.2 (Pa. Cmwlth. 2020) (quoting *Commonwealth v. Wrecks*, 931 A.2d 717, 722 (Pa. Super. 2007)) (internal quotation marks omitted). Such letters are commonly known by various names in the Commonwealth, including "no-merit" letter, "*Finley*" letter, "*Turner*" letter and "*Turner/Finley*" letter. *See Anderson*, 237 A.3d at 1204 n.2.

3

> The main issue on appeal is whether the Board violated your due process rights by cancelling their [sic] prior findings of automatic parole for a technical violation where the Board relied on an institutional disciplinary hearing without giving you an additional hearing before the Board. Pennsylvania courts have previously ruled that any process a Parolee like yourself is due with respect to his disciplinary infraction that took place at the SCI was provided through the grievance procedure that Parolee could pursue with respect to those disciplinary proceedings. *Henderson v. P[a.] Parole Bd.*, 277 A.3d 633, 637 (Pa. [Cmwlth.] 2022)[.] Moreover, a Parolee may not collaterally attack such an underlying misconduct through an Administrative Appeal of the Board's recission decision. *Id.* Without the right to an additional hearing before the Board[,] it would be impossible to challenge whether the technical violation occurred.
>
> While the above may not be fair, I am sorry that this is the result in your case. I have thoroughly examined the record, and there are no issues of legal merit in your case. You may[,] however[,] submit your own brief on your issues to the Commonwealth Court.

*Turner/Finley* letter (underlining changed to italics). Counsel properly filed a proof of service documenting that he served the Motion to Withdraw and the *Turner/Finley* letter on Cortez.

On February 5, 2025, this Court issued an order, in light of the Motion to Withdraw, informing Cortez that he could either obtain new legal counsel at his own expense or file a brief on his own behalf on or before February 19, 2025. Counsel properly filed a proof of service documenting that he served the February 5, 2025 order on Cortez. Cortez neither obtained new legal counsel nor filed a brief.

4

## II. Discussion

### A. Motion to Withdraw

Before addressing the merits of the Petition, we must assess the adequacy of the *Turner/Finley* letter. This Court has explained:

> A *Turner*[*/Finley*] letter must include an explanation of the nature and extent of counsel's review and list each issue the petitioner wished to have raised, with counsel's explanation of why those issues are meritless. As long as a *Turner*[*/Finley*] letter satisfies these basic requirements, we may then review the soundness of a petitioner's request for relief. However, if the letter fails on technical grounds, we must deny the request for leave to withdraw, without delving into the substance of the underlying petition for review, and may direct counsel to file either an amended request for leave to withdraw or a brief on behalf of their [sic] client.

*Anderson v. Pa. Bd. of Prob. & Parole*, 237 A.3d 1203, 1207 (Pa. Cmwlth. 2020) (internal citations, quotation marks, and original brackets omitted).

Here, Counsel has satisfied the requirements for a *Turner/Finley* letter. In the *Turner/Finley* letter, Counsel indicated that he reviewed the record, and he cited applicable case law. *See Turner/Finley* letter at 1. Counsel identified the issue Cortez raised and explained why it lacked merit. *Id.* Counsel served Cortez with a copy of the *Turner/Finley* letter and the Motion to Withdraw and advised Cortez of his right to proceed *pro se*. *Id.* Counsel also served Cortez with this Court's order stating that, in light of the Motion to Withdraw, Cortez could obtain new counsel at his own expense or file a brief on his own behalf. We conclude that Counsel complied with the technical requirements to request withdrawal, and we agree that the appeal is frivolous as discussed below. Accordingly, we grant the Motion to Withdraw.

## B. Merits of the Petition

By action recorded on November 28, 2022, the Board recommitted Cortez for nine months for multiple technical parole violations. CR at 78. The notice of the Board's action stated, *inter alia*, that Cortez would be reparoled automatically on March 19, 2023, provided, in pertinent part, that he did not "commit a disciplinary infraction involving assaultive behavior [or] sexual assault. . . ." *Id.* at 79 (capital letters eliminated). The Board's Automatic Reparole Rescission Report in the certified record indicates that Cortez's automatic reparole was rescinded because he received a misconduct for indecent exposure. *Id.* at 86-89; *see also id.* at 94.

The Petition pleads no facts beyond the bare averment that the Board found Cortez committed an act that violated his parole and would result in the cancellation of automatic reparole and that, through the Board's finding, Cortez "was denied due process without hearing."[5] Pet. at 2. The certified record, however, documents that Cortez pleaded not guilty to the alleged misconduct and was provided with an administrative hearing before a hearing officer. CR at 85. At the hearing, the circumstances of the charge were read and fully explained to Cortez, and he had an opportunity to record his version of the incident. He was then informed of the decision and the reason for it, and he was informed of his ability to request a formal review within 15 days. *Id.* Moreover, regarding the Board's failure to hold a separate hearing before rescinding Cortez's automatic reparole, the Board's Automatic Reparole Rescission Report documents the Board's position that a separate hearing regarding rescission was not required because Cortez had already received a misconduct hearing. CR at 86. Cortez was specifically advised of his

---

[5] "Our review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with law, and whether necessary findings were supported by substantial evidence.…" *Henderson v. Pa. Parole Bd.*, 277 A.3d 633, 636 n.2 (Pa. Cmwlth. 2022).

6

right to appeal the rescission of his automatic reparole. *Id.* at 91. He did so. *See id.* at 92. The Board affirmed its rescission of Cortez's automatic reparole, citing Section 6138(d)(5) of the Prisons and Parole Code, 61 Pa.C.S. § 6138(d)(5). *Id.*at 94.

Section 6138(d)(3) & (5) of the Prisons and Parole Code provides that an inmate recommitted as a technical parole violator will be automatically reparoled after the applicable recommitment period, unless, during the recommitment period, the inmate has "committed a disciplinary infraction involving assaultive behavior, sexual assault, a weapon or controlled substances." 61 Pa.C.S. § 6138(d)(3) & (5). Here, the Board determined that Cortez's conduct in exposing himself and urinating in the visiting room constituted such conduct. In the Petition, Cortez does not appear to be seeking review of the misconduct, as such; nor does he challenge Counsel's characterization of the issue raised in the Petition. Rather, as Counsel explained in his *Turner/Finley* letter, the gravamen of Cortez's argument on review by this Court is that he was entitled to a further hearing before the Board rescinded his previously granted automatic reparole. As Counsel correctly observed in his *Turner/Finley* letter, however, "any process that [a p]arolee [i]s due with respect to his disciplinary infraction that took place at the SCI [i]s provided through the grievance procedure that [the p]arolee could pursue with respect to those disciplinary proceedings. . . ." *Henderson*, 277 A.3d at 637.

Cortez was informed of his rights to further administrative review and took advantage of his right to seek such review. No additional due process was required. *See Henderson*, 277 A.3d at 637 (quoting *Anderson v. Pa. Parole Bd.*, 266 A.3d 106, 110 n.7 (Pa. Cmwlth. 2021) (explaining that, although parole ***revocation*** confers a right to a hearing, "parole ***rescission***, where the inmate is still confined,

does not.  Specifically, *a Board's parole rescission decision due to prison misconduct is not subject to a hearing*") (emphasis added)).  Thus, Cortez's Petition has no merit.

### III. Conclusion

For the reasons discussed above, following our independent review of the record and applicable law, we agree with Counsel that Cortez's Petition lacks factual or legal merit.  Accordingly, we find the Petition to be frivolous, affirm the Board Decision, and grant the Motion to Withdraw.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Andres Cortez,                           :
                          Petitioner     :
                                         :
          v.                             :
                                         :
Pennsylvania Parole Board,               :      No. 1386 C.D. 2023
                          Respondent     :


PER CURIAM

# **O R D E R**


AND NOW, this 10th day of September, 2025, the Application to Withdraw as Counsel of Wayne Melnick, Esquire, is GRANTED. The October 24, 2023 decision of the Pennsylvania Parole Board is AFFIRMED.